UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JULIO PEREZ,

                    Plaintiff,

-against-

DOCCS COMMISSIONER ANTHONY
ANNUCCI; GHCF SUPERINTENDENT
GRIFFIN; GHCF MEDICAL SUPERVISOR
DR. BENTIVEGNA; GHCF MEDICAL
PROVIDER DR. SILVER; DR. HOLDER,

                    Defendants.



20-CV-8069 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff, currently incarcerated at Green Haven Correctional Facility, brings this pro se action under 42 U.S.C. § 1983, alleging that defendants have denied him adequate medical care. By order dated October 16, 2020, the Court granted plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis.[1]

    Because plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that a summonses

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow plaintiff to effect service on defendants Annucci, Griffin, Bentivegna, Silver, and Holder through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons for each of those defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon those defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to plaintiff, together with an information package.

The Clerk of Court is further instructed to issues summonses, and complete the USM-285 forms with the addresses, for defendants Annucci, Griffin, Bentivegna, Silver, and Holder, as well as deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  November 2, 2020
        White Plains, New York

                                          VINCENT L. BRICCETTI
                                          United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Acting DOCCS Commissioner Anthony J. Annucci
   DOCCS, Bldg 2., State Campus
   Albany, New York 12226-2050

2. Superintendent T. Griffin
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

3. Dr. Robert V. Bentivegna
   Facility Health Services Director
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

4. Dr. Lester Silver
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

5. Dr. Holder
   Montefiore Mt. Vernon Hospital
   12 North Seventh Avenue
   Mt. Vernon, New York 10550